**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

-----------------------------------------------------------------------X

EDGAR BENAVIDEZ, ALI KAZI, MARVIN CASTANEDA, IVAN PERALTA-CABRERA, LUIS VICTORIA, PATRICK DESROSIERS, ROCIO RIBEIRO, and DOUGLAS MOLINA, on behalf Of themselves and others similarly situated

Plaintiffs,

-against-

GREENWICH HOTEL LIMITED PARTNERSHIP d/b/a HYATT REGENCY GREENWICH, HYATT EQUITIES, L.L.C., and HYATT CORPORATION,

Defendants.

-----------------------------------------------------------------------X

Civil Action No.

COLLECTIVE ACTION COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs Edgar Benavidez ("Benavidez"), Ali Kazi ("Kazi"), Marvin Casteneda ("Casteneda"), Ivan Peralta-Cabrera ("Peralta-Cabrera"), Luis Victoria ("Victoria"), Patrick Desrosiers ("Desrosiers"), Rocio Ribeiro ("Ribero"), and Douglas Molina ("Molina") (collectively "Plaintiffs"), by their attorneys, Shapiro Law Offices, LLC and Smith, Buss & Jacobs, LLP, for their Complaint against defendants Greenwich Hotel Limited Partnership d/b/a Hyatt Regency Greenwich ("GHLP"), Hyatt Equities, L.L.C. ("Hyatt Equities"), and Hyatt Corporation (collectively "Defendants"), allege as follows:

## INTRODUCTION

1. By this action, Plaintiffs, banquet servers employed to work at the Hyatt Regency Hotel, located at 1800 East Putnam Ave., Old Greenwich, CT 06870 (the "Hotel"), seek to recover the monetary damages they have incurred as a result of Defendants' policy and practice of compensating Plaintiffs' supervisors via the tip pool through which Defendants pay tips/gratuities to Plaintiffs in violation of the Federal Fair Labor Standards Act ("FLSA") and Connecticut Labor Law ("CLL").

2. As set forth in detail below, Defendants are liable to Plaintiffs for monetary damages comprised of the unlawful tip credits that Defendants' took with respect to Plaintiff's wages, the tips/gratuities that Defendants diverted from Plaintiffs, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and the costs and disbursements of the action.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' federal claim pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

4. This Court has jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367(a) because the state law claim is so related to the federal law claim in that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

6. Plaintiff Benavidez is an individual who resides in Fairfield County, Connecticut.

7. Plaintiff Kazi is an individual who resides in Fairfield County, Connecticut.

8. Plaintiff Casteneda is an individual who resides in Westchester County, New York.

9. Plaintiff Peralta-Cabrera is an individual who resides in Fairfield County, Connecticut.

10. Plaintiff Victoria is an individual who resides in Westchester County, New York.

11. Plaintiff Desrosiers is an individual who resides in Fairfield County, Connecticut.

12. Plaintiff Ribeiro is an individual who resides in Fairfield County, Connecticut.

13. Plaintiff Molina is an individual who resides in Westchester County, New York.

14. At all relevant times, each of the Plaintiffs was, and is, an "employee" of Defendants, through their work at the Hotel as defined by the FLSA and CLL.

15. Plaintiffs were not involved in interviewing, selecting, hiring or firing employees.

16. Plaintiffs were not involved in adjusting employees' rates of pay or hours of work, or in directing the work of other employees.

17. Plaintiffs were not involved in evaluating employees' productivity or efficiency for the purpose of recommending promotions or other changes in status, or in handling employee complaints and grievances.

18. Plaintiffs were not involved in disciplining employees.

19. Plaintiffs were not involved in planning the work, determining the techniques to be used, or apportioning the work among the employees.

20. Plaintiffs were not responsible for providing for the safety and security of the employees or the property, planning and controlling the budget, or monitoring or implementing legal compliance measures.

21. Accordingly, at all relevant times, Plaintiffs were non-exempt employees covered under the FLSA and CLL.

22. Upon information and belief, defendant GHLP is a limited partnership organized under the laws of the State of Connecticut and is the owner, operator and manager of the Hotel.

23. Upon information and belief, GHLP does business as "Hyatt Regency Greenwich."

24. Upon information and belief, defendant Hyatt Equities is limited liability company organized under the laws of the State of Delaware, and is the general partner of GHLP.

25. Upon information and belief, defendant Hyatt Corporation is a corporation organized under the laws of the State of Delaware and is the agent of GHLP.

26. At all relevant times, Defendants have, and continue to, employ and/or jointly employ Plaintiffs within the meaning of the FLSA and CLL.

27. Upon information and belief, at all relevant times, Defendants were engaged in interstate commerce or in an industry or activity affecting commerce in an enterprise with annual gross volume sales or business done of not less than $500,000.

COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs bring their FLSA claims as an "opt-in" collective action, pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves, as well as all similarly situated persons who have worked for, or currently work for, Defendants at the Hotel at all relevant times (the "Collective Action Members").

29. Defendants are liable under the FLSA for failing to compensate Plaintiffs and the Collective Action Members.

30. Upon information and belief, there are over 25 similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who will benefit from the issuance of a court-supervised notice of the present lawsuit.

31. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records

## FACTUAL BACKGROUND

Plaintiffs' Employment At The Hotel

32. Plaintiff Benavidez has been employed by Defendants as a banquet server working at the Hotel for approximately 19 years.

33. Plaintiff Kazi has been employed by Defendants as a banquet server working at the Hotel for approximately 18 years.

34. Plaintiff Castaneda has been employed by Defendants as a banquet server working at the Hotel for approximately 20 years.

35. Plaintiff Peralta-Cabrera has been employed by Defendants as a banquet server working at the Hotel for approximately 12 years.

36. Plaintiff Victoria has been has been employed by Defendants as a banquet server working at the Hotel for approximately 22 years.

37. Plaintiff Desrosiers has been employed by Defendants as a banquet server working at the Hotel for approximately 30 years.

38. Plaintiff Ribeiro has been employed by Defendants as a banquet server working at the Hotel for approximately 6 years.

39. Plaintiff Molina has been employed by Defendants as a banquet server working at the Hotel for approximately 9 years.

Defendants' Unlawful Requirement That
Plaintiffs Pool Their Tips With Their Supervisors

40. Plaintiffs have been paid a wage comprised of a regular rate amount and a tip credit that purportedly totaled the minimum wage required by the FLSA and CLL.

41. However, Defendants have been, and continue to be, barred from reducing the regular wage it pays to Plaintiffs to less than the minimum wage by applying the tip credit

allowance that is available under 29 U.S.C. § 203 (m) and CLL because they have misappropriated portions of Plaintiffs tips' gratuities in violation of the FLSA and CLL.

42. Specifically, at relevant times, Defendants have unlawfully required Plaintiffs to pool their tips with banquet captains who have, and continue to, manage and supervise Plaintiffs, including but not limited to, Dan Ridell ("Ridell"), George Mickaiel ("Mickaiel"), Dennis Carrington ("Carrington") and Francis Tobias ("Tobias") (collectively, the "Captains").

43. An examination of the economic reality of the relationship between the Captains and Plaintiffs reveals that the Captains have had, and continue to have, the power to control the banquet servers, bartenders and houseman employed within the banquet department at the Hotel, including Plaintiffs.

44. The Captains are the supervisors of the banquet events and supervise the banquet servers, bartenders and houseman while these employees perform their work; i.e., the Captains are the bosses of these employees during the set-up of the banquets, the actual banquets, and break-down of them.

45. At pre-shift meetings, the Captains advise the banquet servers and houseman of all pertinent information concerning the upcoming events including the menu.

46. In addition, at pre-shift meetings, as well as during the events, the Captains assign particular tables to each banquet server, and assign various duties to banquet servers including the service of hors d'oeuvres, the cleanup of the reception area, the final work needed to set up the room, the refilling of water glasses, the supplying of bread and butter to tables, and the maintenance of candles on the tables.

47. In addition, at pre-shift meetings, as well as during the events, the Captains assign the houseman duties with respect to the setting up and refreshing of the conference and food and beverage rooms.

48. The regular duties that banquet servers, including Plaintiffs, are required to perform, include the collecting and setting up of equipment needed for the event; setting up tables; taking orders from customers; carrying trays to tables; serving food to customers; all other general service that customers need and require; cleaning tables after events; breaking down the room after events; and all other work needed to physically set up events and clean up after them.

49. The regular duties that houseman are required to perform include the setting up of banquet rooms; the resetting of them to their original state after the event has concluded; and during the event, assisting banquet servers and transporting tables and equipment.

50. The regular duties that bartenders are required to perform include the setting up of the bar for the event; making drinks during the event; and the breaking down of the bar after the event.

51. The Captains do not perform any banquet server, houseman or bartender duties; rather, they only perform supervisor duties by which they supervise those types of employees.

52. Prior to and after the events, the Captains occasionally have superficial, *de minimus* contacts with the customers; however, once the event begins the Captains do not provide any service to the customers, and have typically secluded themselves within the banquet office during the term of the banquets while the banquet servers serve the customers as needed, and the houseman and bartenders perform their regular duties.

53. Captains have had the power to discipline employees, including banquet servers, bartenders and houseman, and have in fact done so by, among other things, “writing them up”,

sending employees home when they are late, ordering employees to work through lunch, and punishing them by assigning them difficult tasks and to difficult events.

54. Upon information and belief, all of the Captains participate in the evaluation of employees, including Plaintiffs, by collecting the pertinent information that is needed to assess the performance of the employees, and Reidell collects and synthesizes all the reported information with respect to the evaluation that is eventually presented to the employee.

55. Captains have controlled the schedules of houseman, bartenders and banquets servers, including Plaintiffs, by among other things, setting their schedules; changing their schedules including sending employees home early from events; calling them at any time, even as late as only hours before an event is to occur, to advise then that they are not needed; and requiring houseman to work as banquet servers.

56. At least one of the Captains has had the power to approve or deny vacation requests or requests for days off for personal reasons.

57. All of the facts alleged above within paragraphs 34 through 50 above and paragraphs 53 through 55 and 61 below took place at times within the last two years, as well at times within the last three years.

FIRST CLAIM FOR RELIEF
FLSA – UNPAID MINIMUM WAGE

58. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

59. Defendants purportedly paid Plaintiffs a portion of the minimum wage they were entitled to through a tip credit.

60. However, Defendants were not entitled to do so because, as set forth above, they unlawfully required Plaintiffs to pool their tips with their supervisors.

61. As such, Defendants failed to pay Plaintiffs the minimum wage they earned by working at the Hotel.

62. By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. §§ 203(m), 206 and 215 (a)(2).

63. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64. Defendants' failure to pay minimum wages caused Plaintiffs to suffer loss of wages and interest thereon.

65. Plaintiffs are entitled to recover from Defendants their unpaid minimum wages including the amount of the tip credits that were taken by Defendants, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

SECOND CLAIM FOR RELIEF
<u>CLL – Illegal Diverting of Plaintiffs' Wages</u>

66. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67. Defendants diverted portions of Plaintiffs' wages, the tips/gratuities they were entitled to, in violation of Connecticut Wage Payment Laws Sec. 31-71e.

68. Plaintiffs are entitled to recover from Defendants the tips/gratuities that they diverted from Plaintiffs, damages for unreasonably delayed payment of those tips/gratuities, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to Connecticut Wage Payment Laws Sec. 31-72.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues properly before this Court and all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment providing the following relief:

(a) Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful;

(b) An order requiring Defendants to pay Plaintiffs all unpaid minimum wages, including the tip credits that Defendants deducted from Plaintiffs wages, the tips/gratuities that Defendants diverted from Plaintiffs, and an equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq*., the United States Department of Labor regulations and Connecticut Wage Payment Laws Sec. 31-72;

(c) Damages for unreasonably delayed payment of wages;

(d) Pre-judgment interest and post-judgment interest, as allowed by law;

(e) Attorneys' fees pursuant to 29 U.S.C. § 216(b) and Connecticut Wage Payment Laws Sec. 31-72;

(f) The costs and disbursements of this action; and

(g) Such other relief as this Court deems just and proper.

Dated: Middletown, CT
February 5, 2016

SHAPIRO LAW OFFICES, LLC

By: /s/Jonathan M. Shapiro
Jonathan M. Shapiro, Esq. (ct24075)
104 Court Street
Middletown, CT 06457
Tel: (860) 347-3325
Fax: (860) 347-3874
jshapiro@shapirolawofficesct.com
*Attorneys for Plaintiffs*

John J. Malley (ny2731636)
jmalley@sbjlaw.com
SMITH, BUSS & JACOBS, LLC
733 Yonkers Ave., 2nd Floor
Yonkers, NY 10704
Tel: 914.476.0600
Fax: 914.476.0614