UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDGAR BENAVIDEZ, ALI KAZI, MARVIN
CASTANEDA, IVAN PERALTACABRERA,
LUIS VICTORIA, PATRICK
DESROSIERS, ROCIO RIBEIRO, and
DOUGLAS MOLINA, on behalf of
themselves and others similarly situated,

        Plaintiffs,

v.

GREENWICH HOTEL LIMITED
PARTNERSHIP d/b/a HYATT REGENCY
GREENWICH, HYATT EQUITIES, L.L.C.,
and HYATT CORPORATION,

        Defendants.

Case No. 3:16-cv-00191-VAB

**RULING ON PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs, current and former banquet servers employed by Defendants to work at the Hyatt Regency Hotel in Old Greenwich, CT, ("Hyatt") bring claims under the Fair Labor Standards Act ("FLSA") and state labor laws. Plaintiffs claim that Defendants failed to pay them a minimum wage by unlawfully relying on a "tip credit," in violation of 29 U.S.C. §§ 203(m), 206 and 215 (a)(2). Plaintiffs also claim that Defendants diverted the tips/gratuities they were entitled to, in violation of Connecticut Wage Payment Laws Sec. 31-71e.

Pending before the Court now is Plaintiffs' motion to compel discovery, ECF No. 70. Plaintiffs' motion is GRANTED in part and DENIED in part.

**I.    Factual Background**

Plaintiffs, current and former banquet servers, worked at the Hyatt from as little as six years to as many thirty years. Defendants compensate Plaintiffs using a tip pool, comprised of a portion of the service charge and also any cash tips that servers receive. Mot. to Compel, ECF

No. 70, 2. Banquet captains, who supervise the servers, are included in the alleged tip pool. *Id.* Plaintiffs allege that banquet captains are "supervisors" under relevant labor laws, and should not be entitled to money from the tip pool. *Id.* They allege that Defendants are liable for damages comprised of the unlawful tip credits that Defendants took with respect to Plaintiff's wages, the tips/gratuities that Defendants diverted from Plaintiffs, as well as consequential damages, liquidated damages, reasonable attorneys' fees, and the costs and disbursements of the action. *See* Compl., ECF No. 1, ¶¶ 65, 68.

Defendants argue that the service charge is not a tip under relevant regulations. Def.'s Opp. Mem., ECF No. 72, 2. If the service charge is a tip, Defendants further argue, they are entitled to an affirmative defense because they "acted in good faith and had reasonable grounds for believing" that the Hotel's payment structure was legal. Mot. to Compel, 7 (citing Answer, Mot. to Compel, Ex. D, ECF No. 70-6, ¶ 22).

As both parties agree, the Hotel pays a certain percentage of the total cost of each banquet to its employees. *See* Mot. to Compel, 1; Defs.'s Opp. Mem., 2. Specifically, banquet customers pay a 23% service charge on top of the fees for their event. *See id.* Of that 23%, 16.56% is paid to the employees and the rest is kept by the Hotel. *Id.*

Plaintiffs seek an order compelling the production of documents that "reveal the revenue realized by the Hotel for each and every banquet/event held within the banquet department" for the first quarter of 2014, 2015, and 2016. Mot. to Compel, 8. Plaintiffs also seek all documents that show how Defendants calculated the 23% mandatory service charge and the 16.56% charge that was distributed to service personnel at each event. *Id.* Defendants object that Plaintiffs' requests are not proportional to the needs of the case nor relevant to the dispute at hand. Defs.' Opp. Mem, 2-6.

**II.     Discussion**

Rule 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable ... if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments.  Even after the 2015 amendments, "[r]elevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Bagley v. Yale Univ.*, No. 3:13-CV-01890 (CSH), 2015 WL 8750901, at *7 (D. Conn. Dec. 14, 2015) (citing *State Farm Mutual Automobile Insurance Co. v. Fayda*, No. 14 Civ. 9792, 2015 WL 7871037 (S.D.N.Y. Dec. 12, 2015), at *2.

Moreover, the district court has "wide latitude to determine the scope of discovery."  *In Re Agent Orange Product Liability Litigation*, 517 F.3d 76, 103 (2d Cir. 2008); *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016) ("Motions to compel are left to the court's sound discretion.").  "The objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each request is not relevant or how each question is overly broad, unduly burdensome or oppressive." *Klein v. AIG Trading Group Inc.*, 228 F.R.D. 418, 422 (D. Conn. 2005) (internal citations and quotation marks omitted).

Plaintiffs seek an order compelling the production of documents that "reveal the revenue realized by the Hotel for each and every banquet/event held within the banquet department" during the first quarters of 2014, 2015, and 2016.  Mot. to Compel, ECF No. 70, 8.  Defendants object that Plaintiffs' requests are not proportional to the needs of the case nor relevant to the dispute at hand.  Def.'s Opp. Mem., 2-6.

The motion to compel concerns three of Plaintiffs' requests for documents: Request No. 2, which seeks "documents and ESI … concerning Plaintiffs' remuneration, including but not limited to gratuities and tips"; Request No. 32, which seeks documents identified in Defendants' initial required disclosures, including "payroll records" for Plaintiffs; and Request No. 26, which seeks "documents responsive to Defendants' affirmative defenses."  Mot. to Compel, 7.

Plaintiffs seek the documents to determine "how the tip/gratuity amounts that Defendants pay them within their paycheck every week is calculated," which is directly relevant to their claims concerning the deprivation of tips.  Mot. to Compel, 7.  They also contend that the request is relevant to the Defendants' First Affirmative Defense, in which Defendants allege that they "acted in good faith and had reasonable grounds for believing that they acted properly in their pay practices." *Id.*

Defendants argue that "the merits of Plaintiffs' claims turn on whether Plaintiffs are correct as a matter of law about their entitlement to the service charge as a "tip."  Def.s' Opp. Mem., 4.  Furthermore, Defendants argue that, because the parties agree on the formula that the Hotel used to determine the service charge, Plaintiffs do not "require" the requested discovery to resolve any disputed issue of fact. *Id*. at 5-6.  Finally, Defendants note in a footnote that, to the extent that the request relates to Plaintiffs' damages, the parties can engage in further discovery to determine damages at a later date. *Id.* at 6, n. 2.

Defendants also claim that they have already produced documents that address Plaintiffs' requests.  Defendants have produced "representative samples" of certain documents that, they contend, are responsive to Plaintiffs' requests.  First, they have produced several Group Sales Agreements.  *See* Mot. to Compel, Ex. E, ECF No. 70-7.  The sample Group Sales Agreement provided to the Court states that the service charge is applied to the food and beverage charge

and states the minimum food and beverage charge, but does not address how the actual food and beverage charge is created. *Id.* Defendants also produced sample event order reports, which state that the food and beverage charge is subject to the service charge but does not otherwise address the service charge. Mot. to Compel, Ex. F, ECF No. 70-8. Defendants also produced sample Group Bills, which set out a customer's total bill for "food and beverage" but do not reference the service charge. Mot. to Compel, Ex. G, ECF No.70-9. Finally, Defendants produced weekly banquet service charge distribution charts, which list the service charge produced on each date of a given week and the portion of the total service charge distributed to each employee, based on the hours they worked, and to the Hotel. *See* Mot. to Compel, Ex. A, ECF No. 70-3.

Defendants claim that the case turns on a legal dispute: whether the service charge imposed by the Hotel was a valid "service charge" or a tip. Defs.' Opp. Mem., 2. Under Department of Labor (DOL) regulations implementing the FLSA, a "tip" is "a sum presented by a customer as a gift or gratuity in recognition of some service performed for him." 29 C.F.R. § 531.52. A "service charge," in contrast, is a "compulsory charge for service ... imposed on a customer by an employer's establishment." 29 C.F.R. § 531.55(a). The DOL's regulations provide that "service charges and other similar sums which become part of the employer's gross receipts are not tips for the purposes of the Act. Where such sums are distributed by the employer to its employees, however, they may be used in their entirety to satisfy the monetary requirements of the Act." 29 C.F.R. § 531.55(b).

For a fee to constitute a service charge rather than a tip, and therefore be properly applied against an employer's statutory minimum-wage obligations, courts have held that the charge must have been included in the establishment's gross receipts. *Hart v. Rick's Cabaret Int'l, Inc.*,

967 F. Supp. 2d 901, 928 (S.D.N.Y. 2013) (citing cases).  Some courts also look to other factors to make the determination, including "(a) whether the payment was made by a customer who has received a personal service; (b) whether the payment was made voluntarily in an amount and to a person designated by the customer; (c) whether the tip is regarded as the employee's property; (d) the method of distributing the payment; and (e) the customer's understanding of the payment." *Id.* at 934

Rule 26 limits the parties to discovery that is "proportional to the needs of the case," taking into consideration factors including "the parties' relative access to relevant information, the parties' resources," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Courts have significant flexibility and discretion to assess the circumstances of the case and limit discovery accordingly to ensure that the scope and duration of discovery is reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources." *Chen-Oster v. Goldman, Sachs & Co*., 293 F.R.D. 557, 562 (S.D.N.Y. 2013) (internal quotation marks omitted).

Defendants describe the burden of compliance with Plaintiffs' request. They attach an Affidavit from Tony Centrone, Director of Operations/Finance of the Hotel.  Centrone Aff., Ex. 1, Defs.'s Opp. Mem., ECF No. 72-1.  Mr. Centrone states that it would take approximately six weeks for his office to comply with Plaintiffs' requests for banquet contracts ("Group Sales Agreements"), which are only kept in hard copy. *Id*. at ¶ 4.  Mr. Centrone's office would take one day to produce banquet invoices ("Group Bills"), which are kept electronically.  *Id.* at ¶ 6. His office would take an additional six weeks to produce event order reports and four more weeks to produce the requested event actualization reports.  *Id.* at ¶¶ 8-10.  While the Court notes

the resources and sophistication of Defendants, it also credits Mr. Centrone's statements about the burdensomeness of complying with Plaintiffs' request.

Furthermore, the Court notes that the documents requested may not be directly relevant to the central legal dispute in this case. As Defendants argue, Plaintiffs seek documents not directly relevant to the determination of whether the service charge was a tip. If the Court held that the charge was not a tip, Defendants may be entitled to a ruling in their favor or on their affirmative defense. Plaintiffs seek documents to clarify how the service charge was calculated, but these documents would not address whether the charges were reflected in the Hotel's gross receipts, how they were distributed, or how customers understood them. *See Hart*, 967 F. Supp. at 934.

Generally, however, Plaintiffs are entitled to understand how the Hotel calculated the service charges that are reflected on the Hotel's weekly balance sheets and distributed to the servers as wages. This information would help Plaintiffs put into context the wages they received as portions of the service charges and the fees that the Hotel received from customers. Clarity on this issue is important. In some documents, Defendants state that the service charge is imposed as a percentage of food and beverage charges and, in others, Defendants state that the service charge reflects a percentage of each customer's total bill. *Compare* Group Sales Agreement, Mot. to Compel, Ex. E, 3 ("A twenty three percent service charge and applicable taxes shall be added to all food and beverage"), *with* Event Order Report, Mot. to Compel, Ex. F ("all food, beverage and room rental provided by the hotel are subject to a 23% service charge"). Plaintiffs will want to base their claims on a clear understanding of how the Hotel applied the service charge. This is particularly important because Plaintiffs have no way of connecting the sampling of documents that Defendants have provided to the service charges reflected on the

weekly distribution charts, so cannot fully understand the weekly charts.  Reply Mem., ECF No. 74, at 2.

In their reply memorandum, Plaintiffs note that they "challenged Defendants to demonstrate that they have produced documents that reveal how the 23% service charge amount of $27,882.70 that appears on the Banquet Service Charge Distribution chart for the week of March 23-29, 2014, or any other week, was calculated."  Reply Mem., 2.  Plaintiffs allege that Defendants did not respond to this request.  *Id.*  Plaintiffs' "challenge" represents a compromise that would help Plaintiffs understand the operation of the service charge but also avoid the burdens that Defendants project.

### III.   Conclusion

Plaintiffs' motion is GRANTED in part and DENIED in part.  Defendants must produce documents demonstrating the calculation of the weekly service charge amount for the three weeks for which they have provided Banquet Service Charge distribution charts within thirty days of the date of this Order.  To further ensure that the documents produced are representative, Defendants must produce documents relating to the same week in 2013, 2014, and 2015.  If further questions arise after Defendants produce these three weeks' worth of documents, Plaintiffs can renew their motion to compel.

SO ORDERED at Bridgeport, Connecticut this 20th day of March 2017.

                                                  **/s/ Victor A. Bolden** _____
                                                  VICTOR A. BOLDEN
                                                  UNITED STATES DISTRICT JUDGE